UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS T. JOSEPH,

                                 Plaintiff,

            -against-

COUNTY OF WESTCHESTER DCMH;
THOMAS S. POOVAPPILLIL, SUPERVISOR,

                                 Defendants.

---

**OPINION AND ORDER**

No. 22-CV-08742

PHILIP M. HALPERN, United States District Judge:

Plaintiff Thomas T. Joseph ("Plaintiff"), proceeding *pro se*, brings this action against the County of Westchester (the "County") and Thomas S. Poovappallil (the "Individual Defendant," and together, "Defendants") alleging employment discrimination on the basis of his gender. (Doc. 3, "AC.").

Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on March 29, 2023. (Doc. 34; Doc. 35, "Carey Decl."; Doc. 36, "Defs. Br."). Plaintiff, within the deadline set by the Court to file opposition, filed two letters: one dated April 25, 2023 (Doc. 41) and one dated May 15, 2023 (Doc. 42), which the Court construes as Plaintiff's opposition to the motion. Defendants filed a letter on June 5, 2023 waiving their right of reply and advising the Court they rest solely on their motion papers. (Doc. 43). Plaintiff, in response thereto, filed a letter purporting to be his opposition to the motion to dismiss. (Doc. 44).[1]

---

[1] The Court rejects this letter as impermissible sur-reply, because Plaintiff neither sought nor received permission from the Court to file a sur-reply to Defendants' motion to dismiss, and the content of the letters do not substantiate his claims or otherwise respond to the arguments raised in Defendants' motion. *See, e.g.* ! *Endo Pharms. Inc. v. Amneal Pharms., LLC*, No. 12-CV-08060, 2016 WL 1732751, at *9 (S.D.N.Y. Apr. 29, 2016). The Court likewise rejects the letters dated July 5, 2023 (Doc. 45), October 10, 2023 (Doc. 47), November 20, 2023 (Doc. 48), December 5, 2023 (Doc. 49), and January 5, 2024 (Doc. 50), as impermissible sur-reply and/or because there is no basis for entry of default judgment against Defendants who have appeared in the action.

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff alleges that he began working at the County Department of Community Mental Health ("DCMH") in June 2008 and was terminated on February 5, 2018. (AC ¶¶ 3, 7). The Individual Defendant is alleged to have solely made the decision to terminate Plaintiff and "influenced/forced the employer" to accept the termination recommendation. (*Id*. ¶ 7). The basis for the termination, according to Plaintiff, was that the Individual Defendant "was determined to terminate the Plaintiff (due to Gender Discrimination)." (*Id*. ¶ 9).

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and

2

'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). While "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal* . . . dismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations . . . in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally

and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

Defendants contend that Plaintiff's claim of employment discrimination is time-barred under Title VII. (Defs. Br. at 15-16). Defendants offer copies of, *inter alia*, the EEOC Right to Sue Letter (Carey Decl., Ex. H), Plaintiff's first federal complaint (*id*, Ex. I), and the order dismissing the first federal complaint (*id*., Ex. L), in support of this argument.[2]

Before an aggrieved party can assert a Title VII claim in federal court, he or she must file a charge of discrimination with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred," or if proceedings were initially instituted with a State or local agency, "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Plaintiff must then file an action in federal court within ninety days of receiving a right-to-sue letter from the agency. *Id.* § 2000e-5(f)(1); *Duplan v. City of New York*, 888 F.3d 612, 621-22 (2d Cir. 2018). Plaintiff therefore had ninety days from receipt of the EEOC Right to Sue Letter to commence an action. The EEOC Right to Sue Letter is dated October 15, 2019. (Carey Decl., Ex. H).

---

[2] On a Rule 12(b)(6) motion, "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, [as well as] documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken . . . ." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *Manley v. Utzinger*, No. 10-CV-02210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) (explaining that a court may consider "statements or documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which the plaintiff relied in bringing the suit"). The Court may take judicial notice of the records and reports of the relevant administrative bodies, and public filings in Plaintiff's lawsuits. *See, e.g., Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000); *Chidume v. Greenburgh-N. Castle Union Free Sch. Dist.*, No. 18-CV-01790, 2020 WL 2131771, at *2 (S.D.N.Y. May 4, 2020).

Plaintiff commenced his first federal action entitled *Joseph v. Westchester County Department of Community Mental Health*, bearing docket number 20-CV-00420, on January 15, 2020. (*Id*., Ex. I). On June 9, 2022, the first federal action was dismissed for lack of subject matter jurisdiction without prejudice to recommence in state court, after Plaintiff was given leave to and filed three amended complaints, because Plaintiff explicitly indicated he was not asserting any federal claims and there did not exist diversity of jurisdiction. (*Id*., Ex. L). Plaintiff commenced an action in New York State Supreme Court, County of Westchester, entitled *Thomas J. Joseph*, bearing Index No. 50464/2022, on August 19, 2022. (*Id*., Ex. O). Plaintiff then commenced the instant action on October 11, 2022. (*See* Doc. 1).

Although Plaintiff timely commenced the first federal action, "the timely filing of a complaint does not suspend the limitations period." *Copeland v. Rosen*, 25 F. App'x 17, 19 (2d Cir. 2001). Indeed, a Title VII plaintiff is time-barred from refiling an action following a dismissal without prejudice where the 90-day period to sue has passed. *Id*. at 19-20.

The Court thus must grant Defendants' motion to dismiss the Title VII claim as the dismissal of Plaintiff's first federal action occurred after the 90-day statute of limitation governing his Title VII claim had run. *Ocasio v. Fashion Inst. of Tech.*, 86 F. Supp. 2d 371, 377 (S.D.N.Y. 2000), *aff'd*, 9 F. App'x 66 (2d Cir. 2001). Plaintiff has proffered no reason for the Court to equitably toll the statute of limitations in this action: he simply "strong disagree[s]" with Defendants' arguments in support of dismissal, contends the motion is invalid, and that Defendants are only "looking for the deficiencies." (*See* Docs. 41, 42, 44). Accordingly, Plaintiff's Title VII claim is dismissed with prejudice as time-barred under the applicable statute of limitations.

Although Plaintiff did not in his complaint identify under what statutes his discrimination claim is pled (Doc. 3), examining the complaint with the liberality required of *pro se* pleadings,

5

the Court construes the pleading as asserting a New York State Humans Rights Law ("NYSHRL") claim against Defendants. Having dismissed Plaintiff's Title VII claims for relief—i.e., the only claims over which this Court has original jurisdiction—the Court declines to exercise jurisdiction over any outstanding state law claims. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 n.6 (2d Cir. 2017) ("Of course, a district court may decline to exercise supplemental jurisdiction over state and local law claims if it has dismissed all claims over which it has original jurisdiction."); *see also Offor v. Mercy Med. Ctr.*, No. 17-CV-01872, 2018 WL 2947971, at *7 (S.D.N.Y. May 31, 2018) ("A federal district court may decline to exercise supplemental jurisdiction over pendent state law claims when it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Eyeghe v. Thierry*, No. 14-CV-01914, 2014 WL 5242605, at *2 (S.D.N.Y. Oct. 15, 2014) (declining to exercise supplemental jurisdiction over state law claims after dismissing Title VII claim for failure to allege plausibly the requisite number of employees).

Any state law claims Plaintiff wishes to press are, accordingly, dismissed without prejudice to re-filing in the proper forum.[3]

## CONCLUSION

Based upon the foregoing, Defendants' motion to dismiss is GRANTED. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . .  leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). For the reasons

---

[3] Because the Court declines to exercise jurisdiction over Plaintiff's state law claims, the Court need not and does not reach Defendants' arguments for why dismissal of the state law claims is appropriate, and does not reach that branch of Defendants' motion seeking to dismiss under Rule 12(b)(1) the NYSHRL claim for failure to serve a notice of claim.

described herein, Plaintiff's Title VII claim is dismissed with prejudice as any amendment would be futile. Plaintiff's state law claim is dismissed without prejudice to re-filing in the proper forum.

    The Clerk of the Court is respectfully directed to terminate the motion (Doc. 34); to close this case; and to mail a copy of this Opinion and Order to Plaintiff.

**SO ORDERED:**

Dated: White Plains, New York
      January 16, 2024

_____
Philip M. Halpern
United States District Judge