UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS T. JOSEPH,

                Plaintiff,

-against-

COUNTY OF WESTCHESTER DCMH;
THOMAS S. POOVAPPILLIL, SUPERVISOR,

                Defendants.

**ORDER**

No. 22-CV-08742

---

PHILIP M. HALPERN, United States District Judge:

Thomas T. Joseph ("Plaintiff"), initiated this action, *pro se*, against the County of Westchester and Thomas S. Poovappallil ("Defendants") alleging employment discrimination on the basis of his gender. (Doc. 3, "AC"). The Court, in a January 16, 2024 Opinion and Order, granted Defendants' motion to dismiss.[1] (Doc. 51). On March 4, 2024, Plaintiff filed a letter requesting that the Court "reopen the case, and please decide based on the REAL FACTS." (Doc. 57). The Court directed Defendants to respond, which they did on March 7, 2024. (Doc. 59). The Court construes Plaintiff's request as a motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b).[2]

For the reasons set forth below, Plaintiff's motion is DENIED.

Rule 60(b)(1) allows the Court to grant relief from a final order or judgment for "mistake, inadvertence, surprise, or excusable neglect." A party seeking vacatur under Rule 60(b), whether

---

[1] This decision is available on commercial databases. *See Joseph v. Cnty. of Westchester DCMH*, No. 22-CV-08742, 2024 WL 167334 (S.D.N.Y. Jan. 16, 2024).

[2] Although Plaintiff does not specify any particular rule under which he moves, the spirit of his letter indicates that he believes the Court erred in its consideration of the facts alleged in the Complaint and in the conclusions reached—in other words, that the Court made a mistake in the Opinion and Order. It does not appear to the Court that any other grounds set forth in Rule 60 are invoked by Plaintiff's letter.

proceeding *pro se* or not, "must present 'highly convincing' evidence, 'show good cause for the failure to act sooner,' and show that 'no undue hardship [would] be imposed on other parties.'" *Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 40 (2d Cir. 2020);³ *Brooks v. Doe Fund, Inc.*, No. 17-CV-3626, 2020 WL 5706451, at *3 (E.D.N.Y. Sept. 24, 2020) ("[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion.")).

While Rule 60(b) must "be broadly construed to do substantial justice while respecting that final judgments should not be lightly reopened," *Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 864 F.3d 172, 183 (2d Cir. 2017), it "is a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Castro v. Bank of New York Mellon*, 852 F. App'x 25, 28 (2d Cir. 2021). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court . . . ." *Watts-Devine v. United States*, 616 F. App'x 9, 10 (2d Cir. 2015). Moreover, such a motion "may not be used as a substitute for appeal." *Castro*, 852 F. App'x at 28. "Accordingly, Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process are routinely dismissed." *Espinal v. United States*, No. 91-CR-00310, 2006 WL 163179, at *2 (S.D.N.Y. Jan. 23, 2006).

Plaintiff offers no evidence—let alone highly convincing evidence—that would warrant vacatur under Rule 60(b). (*See* Doc. 57). Plaintiff contends that the decision is unfair, is based on the "Power and Authority of the Defendant," and that his dismissal from employment "was based on minor (even though fabricated) job related deficiencies which are not valid . . . [t]herefore, the Termination was solely due to sexual discrimination as stated in my Complaint . . . ." (*Id.*).

---

³ Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Plaintiff's attempts to relitigate the same issues and facts he raised on the underlying motion to dismiss do not warrant the extraordinary judicial relief sought on this motion, especially in light of the reason for the dismissal of his Complaint, i.e., the statute of limitations bar.

The Court, in the Opinion and Order, explained that Plaintiff's Title VII claim was time-barred, and that Plaintiff had not proffered any reason to warrant equitable tolling. (Doc. 51 at 5). Because the limitations period had run, Plaintiff's Title VII claims against Defendants had to be dismissed as a matter of law. (*Id*.). There were no facts alleged by Plaintiff in his Complaint or any of his other submissions to the Court (*see id*. at 1 n.1, 2) that could have altered the conclusion that the action was barred as matter of law. Examining the Complaint with the liberality afforded *pro se* litigants, the Court construed the pleading as also asserting a New York State Human Rights Law ("NYSHRL") claim against Defendants, and simply declined to exercise supplemental jurisdiction over any such claim. (*Id*. at 5-6). Thus, Plaintiff's state law claims were dismissed without prejudice to re-filing in the proper forum. (*Id*. at 6-7). Plaintiff has not offered any argument that the Court erred in its application of the statute of limitations or in declining to exercise supplemental jurisdiction over his state law claim, nor has he identified any other mistake that could support Rule 60(b) relief.

Accordingly, because Plaintiff has not produced "highly convincing evidence" that would warrant vacatur under Rule 60(b), *Axar Master Fund, Ltd.*, 806 F. App'x at 40, the motion must be, and is, denied.[4]

---

[4] The Court, in light of its ruling herein, need not and does not consider the good cause and undue hardship burdens of the Rule 60(b) analysis.

                                                      **SO ORDERED:**

Dated: White Plains, New York
       March 13, 2024

                                                       _____
                                                       Philip M. Halpern
                                                     United States District Judge